UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

  Plaintiff,

v.

TOMMY LEE JONES,

  Defendant.
_____/

Case No. 15-20713

Honorable John Corbett O'Meara

## ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL

This matter came before the court on defendant Tommy Lee Jones' November 23, 2016 motion for new trial based upon the individual and cumulative effect of multiple, alleged trial errors. The government filed a response December 21, 2016; and Defendant filed a reply brief January 11, 2017. No oral argument was heard.

## BACKGROUND FACTS

On November 9, 2016, a jury returned a verdict finding defendant Tommy Lee Jones guilty of Counts Two, Three, Four and Five of the First Superseding Indictment. Count One had been previously dismissed on the government's motion. Defendant Jones seeks a new trial based upon the individual and cumulative effect of the following alleged trial errors: 1) Count Five should merge with Count Four; 2) the court committed misconduct during trial; 3) the court deemed inadmissible the

photograph that was the subject of dismissed Count One; 4) the court admitted evidence of Defendant's sexual relationship with his stepdaughter; and 5) the court admitted evidence of Defendant's prior conviction for gross sexual imposition of a minor.

## LAW AND ANALYSIS

Pursuant to Rule 33 of the Federal Rules of Criminal Procedure, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." "[T]he defendant bears the burden of proof that a new trial is warranted and 'such motions should be granted sparingly and with caution.'" United States v. Dolan, 134 F.3d 372 at *3 (6th Cir. 1997) (quoting United States v. Turner, 995 F.2d 1357, 1364 (6th Cir. 1993)).

In its response brief the government agrees that Count Five should merge with Count Four for sentencing purposes based upon United States v. Ehle, 640 F.3d 689, 693 (6th Cir. 2011). Gov't. resp. br. at 8. The proper remedy, however, is to vacate defendant Jones' conviction for possession at sentencing, and not, as Defendant suggests, to grant a new trial.

Defendant argues that he was denied a fair trial because, among other things, this court "prejudicially interfered with defense counsel's presentation" of his case. This issue is properly reserved for appeal.

2

Defendant further contends that this court should have admitted as extrinsic evidence of a collateral matter the photograph that was the subject of Count One. Count One, however, was dismissed before trial; therefore, the court ruled the photograph inadmissible. The court did, however, allow extensive cross-examination of Special Agent Nichols regarding the picture even though it was not admitted into evidence.

Defendant Jones also claims that court should not have admitted evidence of his relationship with his stepdaughter. However, defense counsel raised this issue in his opening statement to the jury and also called the stepdaughter as a witness in the case.

Finally, defendant Jones asserts that the court improperly admitted evidence of Jones' prior conviction for gross sexual imposition of a minor. The court deemed the evidence admissible under Rule 414 of the Federal Rules of Evidence and also under Rule 609 after Jones testified in his own defense.

## **ORDER**

It is hereby **ORDERED** that defendant Jones' November 23, 2016 motion for new trial is **DENIED.**

                                          s/John Corbett O'Meara
                                          United States District Judge

Date:  March 8, 2017

 I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 8, 2017, using the ECF system.

        s/William Barkholz
        Case Manager