UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

TOMMY LEE JONES,

      Defendant.
_____/

Case No. 15-20713

Honorable John Corbett O'Meara

## ORDER DENYING
## DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL

This matter came before the court on defendant Tommy Lee Jones' November 23, 2016 motion for judgment of acquittal as to Counts Two and/or Three, or in the alternative, for new trial. The government filed a response December 21, 2016; and Defendant filed a reply brief January 11, 2017. No oral argument was heard.

### BACKGROUND FACTS

On November 9, 2016, a jury returned a verdict finding defendant Tommy Lee Jones guilty of Counts Two, Three, Four and Five of the First Superseding Indictment. Count One had been previously dismissed on the government's motion. Defendant Jones seeks judgment of acquittal as to Counts Two and Three, or in the alternative,

for a new trial because the verdicts of those counts are against the great weight of the evidence.

## LAW AND ANALYSIS

Pursuant to Rule 29 of the Federal Rules of Criminal Procedure, a defendant may move for a judgment of acquittal based on insufficient evidence to support a jury's verdict. The "relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). "This is a very heavy burden for the defendant to meet." United States v. Jones, 641 F.3d 706, 710 (6th Cir. 2011). On a motion for judgment of acquittal, the district court may not make independent determinations regarding credibility of witnesses or weight to be given to the evidence. United States v. Davis, 981 F.2d 906 (6th Cir. 1992).

In this case sufficient evidence supported the jury's guilty verdict on Count Two, which charged defendant Jones with advertising child pornography. Several Circuit Courts of Appeal have held that peer-to-peer file sharing programs like Ares, the one used by defendant Jones, constitute advertising of child pornography. See United States v. Franklin, 785 F.3d 1365 (10th Cir. 2015); United States v. Sewell, 513 F.3d 820 (8th Cir. 2008); and United States v. Williams, 659 F.3d 1223 (9th Cir. 2011).

Evidence presented at trial, including the testimony of FBI Special Agents Nichols, Christensen, Williams and Fitzgerald, as well as the physical exhibits of the examination of defendant Jones' computer, established that he knowingly advertised to distribute and receive child pornography. Jones' Ares system, which was set to "share" files, contained evidence that he was providing notice and offering child pornography files. The file names contained graphic descriptions of sexual assault against young children and, in some instances, included the child's age in the title. The titles also contained code words frequently used by child pornographers to signal the contents of the files. Moreover, Jones himself confessed to using the peer-to-peer file sharing program and expressed his knowledge of how the shared folder operated.

Count Three, charging distribution of child pornography, was also supported by sufficient evidence. Courts of Appeals have held that distribution of child pornography can be proven by downloading images using peer-to-peer file sharing software and freely allowing others access, particularly in cases in which the defendant is shown to understand how the program operates. See United States v. Shaffer, 472 F.3d 1219 (10th Cir. 2007); United States v. Bolton, 669 F.3d 780 (6th Cir. 2012); and United States v. Conner, 521 Fed. Appx. 493 (6th Cir. 2013).

In this case Special Agent Nichols testified that he downloaded child pornography from defendant Jones' computer over the course of two days. The

evidence presented at trial included screen shots of the downloads, which matched Jones' IP address from his house. Moreover, other evidence showed that every file downloaded in Jones' peer-to-peer file sharing program was marked as "available for download by others." Furthermore, defendant Jones testified that he moved files out the shared folder to avoid others from gaining access, demonstrating his knowledge of how the program worked and that he was distributing his child pornography files. Accordingly, there was ample evidence to support the jury's guilty verdicts on Counts Two and Three.

In the alternative, Jones seeks a new trial under Rule 33 for the same reasons he claims he is entitled to judgment of acquittal under Rule 29. Pursuant to Rule 33, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." "[T]he defendant bears the burden of proof that a new trial is warranted and 'such motions should be granted sparingly and with caution.'" United States v. Dolan, 134 F.3d 372 at *3 (6th Cir. 1997) (quoting United States v. Turner, 995 F.2d 1357, 1364 (6th Cir. 1993)).

Defendant Jones has presented nothing that would qualify as an extraordinary circumstance warranting a new trial. The defense presented evidence from the defendant's son, the defendant's girlfriend/stepdaughter, and the defendant himself; and none of these witnesses was credible. The defendant's son doctored surveillance

photos in an effort to show when Jones climbed the stairs on the morning of the search. Defendant's son also admitted he assisted his father in obtaining and destroying a thumb drive that law enforcement mistakenly left behind at the house. Defendant's girlfriend/stepdaughter admitted to helping threaten her mother in order to obtain the missing thumb drive and agreed that she would do just about anything to help defendant Jones. The jury believed none of Defendant's witnesses and said so through their verdict.

## ORDER

It is hereby **ORDERED** that defendant Jones' November 23, 2016 motion for judgment of acquittal or, in the alternative for new trial, is **DENIED.**

                                      s/John Corbett O'Meara
                                      United States District Judge

Date: March 8, 2017

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 8, 2017, using the ECF system.

                                      s/William Barkholz
                                      Case Manager